UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **LAKEVIEW ESTATES LAKE ASSOCIATION, INC.,** | **CIVIL ACTION NO. 5:15-191-KKC** |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **SWAMP THING, LLC and KEVIN E. BRIDGES** | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

The plaintiff moves the Court to remand (DE 8) this matter to Fayette Circuit Court and the defendant moves the Court to dismiss this matter pursuant to the parties' agreement to mediate disputes between them (DE 2). Because this matter unquestionably meets the requirements for this Court's jurisdiction, the motion to remand must be denied. Further, because the parties explicitly agreed to submit disputes such as those at issue here to mediation, the motion to dismiss will be granted.

I. Background

The plaintiff, Lakeview Estates Lake Association, Inc., entered into an agreement with the defendant, Swamp Thing, LLC, pursuant to which Swamp Thing agreed to dispose of about 13,000 cubic yards of biomass sediment material from certain lakes located in Lexington, Kentucky. Lakeview asserts that Swamp Thing breached the contract and that it was forced to incur costs to complete Swamp Thing's contractual obligations.

Lakeview filed a complaint in Fayette Circuit Court, asserting breach of contract and unjust enrichment claims against Swamp Thing. It also asserted that Swamp Thing's

owner, Kevin Bridges, is the alter ego of Swamp Thing and, thus, should be individually liable for the damages caused by his company.

Swamp Thing then removed the action to this Court asserting that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332, which grants federal courts jurisdiction over disputes between citizens of different states where the amount in controversy exceeds $75,000. The plaintiff Lakeview is a Kentucky citizen for purposes of this Court's jurisdiction. The defendants are both Michigan citizens. There is no dispute that the amount in controversy exceeds $75,000.

**II. Motion to Remand (DE 8)**

Lakeview objects to the removal, arguing that Swamp Thing removed the action for the improper purpose of avoiding a hearing in the state court action. Lakeview explains that Swamp Thing last worked on the dredging project in December 2014 and left several pieces of equipment at the site. On June 11, 2015, the Fayette Circuit Court granted Lakeview a temporary injunction that prevented Swamp Thing from removing the equipment. On June 15, 2015, however, the state court granted Swamp Thing's motion to dissolve the injunction. On that same date, Lakeview filed a motion for attachment of the equipment. Lakeview argues that the Fayette Circuit Court "clearly indicated" that it would likely grant the motion for attachment. (DE 8-1, Mem. at 5-6.) On June 17, 2015, Swamp Thing removed the equipment from the site. By agreement of the parties, the state court set a hearing date on the motion for attachment for July 1, 2015.

Lakeview argues that Swamp Thing removed the matter to this Court on June 29 solely to avoid the Fayette Circuit Court hearing and to harass Lakeview and cause unnecessary delay in the state court proceedings. Lakeview argues that this constitute an "improper purpose" and, thus, violates Federal Rule of Civil Procedure Rule 11 which provides that,

by filing a pleading, an attorney certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. . . ." Fed. R. Civ. P. 11(b)(1).

The Court cannot find that removal here was based on an improper purpose. There is no dispute that this matter meets the requirements for this Court's diversity jurisdiction. Nor is there any dispute that Swamp Thing was not served with the complaint until June 11, 2015. Lakeview asserts that it gave Swamp Thing a copy of the complaint some time prior to actual service but it does not state a date. (DE 8-1, Mem. at 3.) Thus, the sole evidence before the Court is that Swamp Thing removed the action within three weeks of receiving a copy of the complaint.

Lakeview's counsel submits an affidavit stating that Swamp Thing's counsel told him that he filed the notice of removal because Swamp Thing was "running out of time." (DE, 8-3, Duzyk Aff.) Lakeview argues this means that Swamp Thing thought it was running out of time before the Fayette Circuit Court granted the motion to attach.  Swamp Thing's counsel may just as likely have been referring to the 30-day clock for removing an action.28 U.S.C. § 1446(b)(1). Regardless, the Court cannot find that Swamp Thing's removal of the complaint within three weeks of its receipt was based on anything other than the allegations in the complaint and proper strategic considerations. This is especially true because, within that timeframe, the parties were also engaged in litigation on the motion to dissolve the injunction and the motion for the attachment.

Moreover, even if Swamp Thing removed this matter for an improper purpose, remand would not be the proper remedy. If a case meets the requirements for federal jurisdiction, the Court has an obligation to exercise jurisdiction over it. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The proper remedy for a Rule

3

11 violation is not refusal to exercise jurisdiction but instead the imposition of sanctions that will deter the conduct. Fed. R. Civ. P. 11(c). Likewise, 28 U.S.C. § 1927 provides that the court may require an attorney to personally satisfy excess costs and fees when the attorney "unreasonably and vexatiously" multiplies proceedings in a case.

Lakeview also argues that this Court should abstain from exercising jurisdiction over this case under the doctrine set forth in *Colorado River*. Under that doctrine, "considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir.1998) (quoting *Colorado River*, 424 U.S. at 817.) Nevertheless, because the federal courts have a "virtually unflagging obligation" to exercise their jurisdiction, *Colorado River* abstention applies in exceptional circumstances. *Colorado River*, 424 U.S. at 817–18. "Only the clearest of justifications" merits abstention. *Id.* at 819. Abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* at 813 (citation omitted).

For *Colorado River* abstention to apply, there must first be a parallel state court proceeding. *Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28, 31 (6th Cir.1984). Here, there is no parallel state court action. There are not two separate actions at all. There is only one action. It commenced in state court and was removed to this Court because it meets the requirements for this Court's diversity jurisdiction. Accordingly, abstention is inapplicable.

For all these reasons, Lakeview's motion to remand will be denied.

**III. Motion to Dismiss**

Swamp Thing has filed a motion to dismiss this action, arguing that, pursuant to their agreement, the parties are required to submit this dispute first to mediation. The

4

agreement provides, in relevant part:

> To the extent any claims, disputes, or controversies between [Lakeview] and [Swamp Thing], including a breach of this Agreement, cannot be resolved amicably by the parties, all claims, disputes and controversies shall first be mediated by a qualified mediator to be selected by [Lakeview] and [Swamp Thing] with each bearing its own costs. If mediation does not successfully resolve the controversy, the claims and disputes shall be submitted to arbitration with the American Arbitration Association and adjudicated under the Construction Industry Arbitration Rules currently in effect. Both the mediation and arbitration shall take place in Lexington, KY.

(DE 2-2, Agreement, Art. 14.)

In response, Lakeview does not dispute that this provision applies to its claims in this action. Instead, it continues to argue that Swamp Thing removed this matter for an improper purpose and that, alternatively, the matter should be remanded pursuant to *Colorado River*. As explained above, this matter meets the requirements for the Court's diversity jurisdiction and was timely removed. The Court cannot find that the removal was otherwise improper. Further, the *Colorado River* abstention doctrine is inapplicable to this matter.

Lakeview does not dispute that the agreement requires mediation of all the claims asserted in its complaint, to be followed by arbitration if necessary. "Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal." *Tattoo Art, Inc. v. Tat Int'l, LLC*, 711 F. Supp. 2d 645, 651 (E.D. Va. 2010) (quoting *Brosnan v. Dry Cleaning Station, Inc.*, No. C–08–02028, 2008 WL 2388392, at *2 (N.D.Cal. June 6, 2008) and citing other cases).

Accordingly, the Court will grant Swamp Thing's motion to dismiss the complaint.

## IV. Conclusion

For all these reasons, the Court hereby ORDERS as follows:

1) the plaintiff's motion to remand (DE 8) is DENIED;

2) the defendants' motion to dismiss (DE 2) is GRANTED and all of the plaintiff's claims are DISMISSED without prejudice; and

3) the plaintiff's motions for sanctions (DE 10, 13) and motion for attachment (DE 9) are DENIED as moot.

Dated December 23, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY